# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

|                              |     |                        |
|------------------------------|-----|------------------------|
| IN RE:                       | )   | CHAPTER 13             |
|                              | )   |                        |
| SAMUEL LOUIS LEVINE,         | )   | CASE NO. 16-51824-WLH  |
|                              | )   |                        |
| Debtor.                      | )   |                        |
|                              | )   |                        |

## OBJECTION TO CONFIRMATION

**NOW COMES** Sonia Levine ("Ms. Levine") and objects to confirmation of Samuel Louis Levine's ("Debtor") proposed Chapter 13 Plan (Doc. No. 13), showing the Court as follows:

1.

Ms. Levine is Debtor's ex-wife and holder of an 11 U.S.C. § 507(a)(1)(A) priority claim by virtue of a Consent Contempt Order entered by the Superior Court of DeKalb County on December 17, 2015 ("Contempt Order"). Under the terms of the Contempt Order, Debtor is, among other things, obligated to pay Ms. Levine $58,215.45 in attorney's fees and costs incurred on issues related to their divorce. Debtor's obligations under the terms of the Contempt Order are in the nature of domestic support obligations. A true and correct copy of the Contempt Order is attached hereto as Exhibit "A."

2.

Ms. Levine objects to confirmation of Debtor's proposed Chapter 13 Plan[1] as Debtor, a personal injury lawyer, does not receive a regular income and, therefore, is not eligible to be a

---

[1] Ms. Levine notes that Debtor's proposed Chapter 13 Plan contains the mark "draft" in multiple places. Given this fact, it is unclear whether Debtor is committed to pursing his proposed Chapter 13 Plan.

debtor under Chapter 13 of Title 11. <u>See</u> 11 U.S.C. § 109(e). Accordingly, Debtor's Chapter 13 Plan cannot be confirmed pursuant to 11 U.S.C. § 1325(a)(1).

3.

Ms. Levine objects to confirmation of Debtor's proposed Chapter 13 Plan as it fails to provide for full payment of her priority unsecured claim, although required by 11 U.S.C. §1322(a)(2). <u>See</u> Claim No. 3. Ms. Levine objects to this treatment. Accordingly, Debtor's proposed Chapter 13 Plan cannot be confirmed pursuant to 11 U.S.C. § 1325(a)(1).

4.

Ms. Levine objects to confirmation of Debtor's proposed Chapter 13 Plan as it is not feasible. As stated above, Debtor does not receive a regular income. The future income projected by Debtor is significantly more than what he has earned in the two years preceding this bankruptcy case. In that Debtor has provided no detail regarding the operation of his business, Ms. Levine cannot determine whether the projected gross income listed in Schedule I is realistic. What's more, Debtor's projected disposable income is significantly less than the monthly payments proposed to be made under the terms of his Chapter 13 Plan[2] and is insufficient to pay all priority claims, much less any attorneys' fees incurred as a result of this case, which are not currently reflected in his proposed Chapter 13 Plan. Accordingly, Debtor's proposed Chapter 13 Plan cannot be confirmed pursuant to 11 U.S.C. § 1325(a)(6).

5.

Ms. Levine objects to confirmation of Debtor's proposed Chapter 13 Plan for those reasons asserted in the Chapter 13 Trustee's Objection to Confirmation and Motion to Dismiss case, filed on March 24, 2016. <u>See</u> Docket No. 25.

---

[2] Debtor's proposed Chapter 13 Plan states that he will pay to the Trustee $21,500.00 a month. This appears to be a typographical error that must be corrected.

6.

Debtor's 341 meeting of creditors was cancelled and has not been rescheduled. As a result, Ms. Levine has been unable, as of yet, to fully explore Debtor's financial affairs and bankruptcy schedules. Ms. Levine will amend this Objection to Confirmation to the extent she subsequently obtains information providing a basis for additional objections to confirmation.

**WHEREFORE**, Ms. Levine requests that this Court:

    a)  Deny confirmation of Debtor's Chapter 13 Plan,

    b)  Dismiss Debtor's chapter 13 case, and

    c)  Grant all other relief as the Court may deem to be just and appropriate.

Respectfully submitted, this 28th day of March, 2016.

**COHEN POLLOCK MERLIN  & SMALL, P.C.**
Attorneys for Sonia Levine


By:   /s/ Garrett H. Nye
           Bruce Z. Walker
           Georgia Bar No. 731260
           Garrett H. Nye
           Georgia Bar No. 387919

3350 Riverwood Parkway, Suite 1600
Atlanta, Georgia 30339
(P) (770) 858-1288
(F) (770) 858-1277
bwalker@cpmas.com
gnye@cpmas.com

**<u>EXHIBIT A</u>**

IN THE SUPERIOR COURT OF DEKALB COUNTY
STATE OF GEORGIA

SONIA ELENA LEVINE,            )
                              )
    Plaintiff,          )
                              )
                              )    CIVIL ACTION
v.                            )
                              )    FILE NO. 14CV1064
SAM LOUIS LEVINE,             )
                              )
    Defendant.          )
                              )
_____)

## CONSENT CONTEMPT ORDER

The Court held a hearing on December 14, 2015 on Plaintiff's *Petition for Citation of Contempt for Failure to Pay Attorney's Fees and Costs (I)*; Plaintiff's *Petition for Citation of Contempt for Failure to Pay Attorney's Fees and Costs (II)*; and Plaintiff's request for attorneys fees in Plaintiff's *Response to Defendant's Emergency Motion to Set Aside Judgment and Incarceration Order*. Plaintiff, Plaintiff's counsel, and Defendant appeared and had the opportunity to present evidence and argument. The Court also heard testimony from Defendant's mother, Carol "Cookie" Levine, who attended the entire hearing. At the end of the hearing, Defendant and Plaintiff's counsel conferred and agreed on the following settlement terms. Both parties knowingly, freely, and expressly confirmed their respective agreement to the terms, and the Court approves the terms and hereby makes them the Order of this Court.

1.

Defendant shall pay to Plaintiff $4,258.50 in reasonable attorney's fees and expenses Plaintiff incurred in responding to Defendant's *Response to Emergency Motion to Set Aside Judgment and Incarceration Order*. This $4,258.50 is included in the purge amount Defendant must pay as set forth in Paragraph 3.a. below.

2.

Defendant is in willful contempt of the *Final Judgment and Decree of Divorce* and the April 30, 2015 *Order on Plaintiff's Citation of Contempt*. Defendant is currently being held in the common jail of DeKalb County after being arrested for failure to purge himself of contempt.

3.

Defendant may purge himself of contempt by:

a. Paying to Plaintiff $58,215.45, representing the attorney's fees and costs associated with the divorce trial, the April 30, 2015 *Order on Plaintiff's Citation of Contempt*, and the *Response to Emergency Motion to Set Aside Judgment and Incarceration Order*;

b. Providing to Plaintiff all the items listed in Exhibit "A" to the *Final Judgment and Decree of Divorce*. Plaintiff's mother shall retrieve the keys to Defendant's house from the common jail of DeKalb County and meet Plaintiff at Defendant's house at 4:00 p.m. on Wednesday, December 16, 2015, to allow Plaintiff to retrieve the items listed on Exhibit "A". **The Sheriff of DeKalb County or his lawful Deputy shall release to the Defendant's Mother, Carol Levine, any keys contained in the Defendant's property located at the DeKalb County Jail.** Defendant represented at the hearing that all such items are still in his residence. A DeKalb County Deputy shall accompany Plaintiff while she collects the items listed on Exhibit "A";

c. Executing the necessary paperwork and taking all other steps necessary to transfer to Plaintiff good and clear title to the 2006 Volvo S80 currently titled in Defendant's name;

d. Executing all documents provided to Defendant by Plaintiff's counsel necessary to enable Plaintiff to secure the deletion of the negative "review" Defendant caused to be published on the Rip-Off Report website;

e. Executing a No Contact Agreement prohibiting Defendant from contacting, directly or

indirectly: Plaintiff, any member of Plaintiff's family, or any person Defendant reasonably knows to be Plaintiff's friend, acquaintance, client or work colleague. Plaintiff will provide the Court the No Contact agreement no later than Wednesday, December 16, 2015 at 5:00 p.m. The No Contact Agreement shall be filed with the Court and is incorporated herein and made the Order of this Court; and

f.  Defendant shall undergo a psychological evaluation by a mental health provider within sixty (60) days of the date of this Order. The results of the evaluation shall be submitted to the Court and will be filed **under seal**. The Defendant is **FURTHER ORDERED** to **submit to any treatment recommended as a result of said evaluation. Failure to comply with this provision may require the Court to schedule a further hearing and may subject Defendant to a further finding of contempt.**

4.

Upon confirmation by Plaintiff's counsel that Defendant has satisfied the requirements of Paragraph 3 of this Order, the Court will issue an Order authorizing Defendant's release from the common jail of DeKalb County.

5.

After Defendant's release from the common jail of DeKalb County, Defendant will be remain obligated to the following obligations, the violation of any which shall subject to Defendant to punishment, including but not limited to the contempt powers of this Court:

a.  Cooperating with Plaintiff's counsel to take all steps necessary to enable Plaintiff to secure the deletion of the negative "review" of Plaintiff published on the Rip-Off Report website;

b.  Executing any additional paperwork and taking all other steps necessary to transfer to Plaintiff good and clear title to the 2006 Volvo S80 currently titled in Defendant's name

c.  Complying with the No Contact Agreement prohibiting Defendant from contacting, directly or indirectly, Plaintiff, any member of Plaintiff's family, or any person Defendant knows to be Plaintiff's friend, acquaintance, client or work colleague.

6.

Upon confirmation by Plaintiff's counsel that Defendant has satisfied the requirements of Paragraph 3 of this Order, Defendant shall be entitled to the exclusive use, ownership and possession of the 2005 Jaguar XJ8 Vanden Plas awarded to Plaintiff in the *Final Judgment and Decree of Divorce*. The Jaguar is currently impounded as a result of Defendant's arrest and operation of same without insurance or registration, and Defendant shall be solely responsible for any costs, liabilities or consequences arising from the impoundment and Defendant's unauthorized operation of the Jaguar.

7.

Upon confirmation by Plaintiff's counsel that Defendant has satisfied the requirements of Paragraph 3 of this Order, Defendant shall be entitled to the exclusive ownership of the dog "Sugar" awarded to Plaintiff in the *Final Judgment and Decree of Divorce*. The dog is currently in the possession of Defendant's brother and will remain in his possession until such time as Defendant purges himself of contempt as set forth herein.

8.

This *Consent Contempt Order* awards to Plaintiff the Volvo awarded to Defendant in the *Final Judgment and Decree of Divorce* and, after Defendant purges himself of contempt as set forth herein, awards to Defendant the Jaguar and dog awarded to Plaintiff in the *Final Judgment and Decree of Divorce*, but does not impermissibly modify the equitable division set forth in in the *Final Judgment and Decree of Divorce*. Rather, this *Consent Contempt Order* effects the compromise both parties freely and knowingly agreed to in open court as a way to resolve the

outstanding claims Plaintiff had against Defendant.

So ORDERED this ___7th___ day __December__, 2015.

_____
COURTNEY L. JOHNSON, Judge
Superior Court of DeKalb County
Stone Mountain Judicial Circuit

| Prepared by: | Consented to by: |
|---|---|
| GIVELBER LAW GROUP, LLC | |
| _____ | _____ |
| David S. Givelber | Sam Louis Levine |
| Georgia Bar No. 296274 | *Pro se* |
| *Attorneys for Plaintiff* | |
| 3330 Cumberland Boulevard | |
| Suite 500 | |
| Atlanta, GA 30339 | |
| (404) 347-3700 | |
| david@givelberlaw.com | |

## <u>CERTIFICATE OF SERVICE</u>

  The undersigned hereby certifies that on this day a copy of the foregoing **OBJECTION TO CONFIRMATION** was served on the following individuals by first class mail, addressed as follows:

| | |
|---|---|
| Samuel Louis Levine<br>1014 Havenridge Lane NE<br>Atlanta, GA 30319 | Alexander Gray Hait<br>Hait & Kuhn<br>185 Stockwood Drive<br>Suite 100<br>Woodstock, GA 30188 |
| Ryan J. Williams<br>Nancy J. Whaley<br>Chapter 13 Trustee<br>303 Peachtree Center Ave.<br>Suite 120<br>Atlanta, GA 30303 | Taylor S. Mansell<br>Shapiro Pendergast & Hasty, LLP<br>211 Perimeter Center Parkway, NE<br>Suite 300<br>Atlanta, GA 30346 |

  This 28th day of March, 2016.

        **COHEN POLLOCK MERLIN & SMALL, P.C.**
        Attorneys for Sonia Levine

        By:   /s/ Garrett H. Nye
          Garrett H. Nye
          Georgia Bar No. 387919

3350 Riverwood Parkway
Suite 1600
Atlanta, Georgia 30339
(P) (770) 857-4790
(F) (770) 763-3168
gnye@cpmas.com